{¶ 14} Respectfully, I dissent. The State's position in this matter is that the trial court, in granting a motion for judicial release, acted outside its grant of jurisdiction. The majority holds that the State is prohibited from appealing this matter, citing State v. Coffman (2001), 91 Ohio St.3d 125, and R.C.2953.08(B)(3).
 {¶ 15} Coffman holds that a defendant's appeal of a denial of a motion for shock probation is not a final appealable order. That case is inapplicable here for two substantial reasons. First, Coffman involves shock probation, not judicial release. The case at bar involves judicial release. Second,Coffman involved an appeal by the defense, while the case at bar involves an appeal by the State. Appeals by the State are authorized, if at all, only by statute.
 {¶ 16} R.C. 2953.08(B) provides, in pertinent part, the following grounds upon which the State may appeal a sentencing issue:
 {¶ 17} "In addition to any other right to appeal * * * a prosecuting attorney * * * may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony, or in the circumstances described in division (B)(3) of this section the modification of a sentence imposed upon such a defendant, on any of the following grounds:
 {¶ 18} "(1) The sentence did not include a prison term despite a presumption favoring a prison term for the offense for which it was imposed, as set forth in Section 2929.13 or Chapter 2925. of the Revised Code.
 {¶ 19} "(2) The sentence is contrary to law.
 {¶ 20} "(3) The sentence is a modification under section2929.20 of the Revised Code of a sentence that was imposed for a felony of the first or second degree." (Emphasis added.)
 {¶ 21} Citing the canon of construction, expressio unius estexclusio alterius (the expression of one thing is the exclusion of the other), the majority concludes that (B)(3)'s omission of felonies of the third, fourth and fifth degrees means that judicial releases involved in such felonies are not included in the appellate grant.
 {¶ 22} I believe, however, that the proper analysis involves only grammatical construction. While section (B)(3) eliminates from the appellate court's review matters of judicial release in third, fourth and fifth-degree felonies, R.C. 2953.08(B) provides that the State may appeal a sentencing issue on any of threeenumerated grounds set forth in the statute. Section (B)(2) is one of those grounds. It contains no limitations whatsoever; it permits the State to appeal any sentence that is contrary to law.
 {¶ 23} The opinion of the majority in this case holds in substance that a court could grant with impunity judicial release in any third, fourth or fifth-degree felony, even if it was without jurisdiction to do so (as alleged here), or even if the defendant were ineligible. (An example might be a third-degree drug felony which carried mandatory time and, hence, for which an offender was neither eligible for community control sanctions or judicial release.) Such reading of the statute is counterintuitive. No statutory scheme would permit a court to act without jurisdiction, or in an illegal fashion, and then prohibit the aggrieved party from raising the issue.